## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JORY ANGILERI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-cv-50029 |
| | ) | |
| CAPITAL ONE BANK (USA), N.A., | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

NOW COMES Plaintiff, JORY ANGILERI ("Plaintiff"), by his attorneys, and hereby alleges the following against CAPITAL ONE BANK (USA), N.A. ("Defendant"):

### Nature of the Action

1.     Plaintiff's Complaint arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq*., and invasion of privacy.

### Jurisdiction and Venue

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 47 U.S.C. § 227.

3.   28 U.S.C. § 1367 grants supplemental jurisdiction over the claims arising under the Deceptive Business Practices Act and invasion of privacy.

4.     Venue is proper pursuant to 28 U.S.C. 1391(b)(1) as the conduct giving rise to this action occurred in this district, as Plaintiff resides in this district and Defendant transacts business in this district.

### Parties

5.     Plaintiff is a natural person residing in Rockford, Illinois.

6.      Plaintiff is a "consumer" and a "person" as defined by 815 ILCS 505/1(c) and (e) Of the Deceptive Business Practices Act.

7.      Defendant is a business entity with headquarters located in McLean, Virginia.

8.      Defendant's actions toward Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

<u>Factual Allegations</u>

10.     Defendant has been placing calls to telephone number (815) 721-14XX.

11.     Telephone number (815) 721-14XX has been assigned to Plaintiff's cellular telephone.

12.     These telephone calls are not for emergency purposes.

13.     These telephone calls were in connection with an alleged credit card debt.

14.     The alleged debt arises from transactions which were used primarily for personal, family, and/or household purposes.

15.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, and based on Defendant's representations to Plaintiff, Defendant used an automatic telephone dialing system to call Plaintiff's cell phone.

16.     On or about July 19, 2018, Plaintiff spoke with one of Defendant's employees.

17.     Plaintiff instructed Defendant's employee to stop calling his cell phone regarding any and all of his accounts.

18.     Defendant acknowledged that it was calling Plaintiff to collect on the Capital One account.

19.     Plaintiff told Defendant that he was working on a way to pay on his past due account.

20.     Plaintiff repeated his request to Defendant to stop calling his cell phone.

21.     Defendant responded "sure" to Plaintiff's request.

22.     After speaking with Plaintiff, Defendant knew or should have known that its calls were not wanted.

23.     After speaking with Plaintiff, Defendant was not authorized to call Plaintiff's cell phone.

24.     Defendant continued to call Plaintiff's cell phone after July 19, 2018.

25.     Plaintiff recalls answering phone calls from Defendant and hearing a prerecorded message.

26.     Plaintiff estimates that between July 20, 2018, and November 11, 2018, Defendant called his cell phone at least 126 times.

27.     These calls were placed using an automatic telephone dialing system.

28.     Defendant did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

29.     Defendant knew that it did not have Plaintiff's express consent to use an automatic telephone dialing system to place these calls.

30.     Defendant intended to use an automatic telephone dialing system to place these calls and did so voluntarily, knowingly, and willfully.

31.     Plaintiff was severely interrupted, unduly inconvenienced, and mercilessly harassed by Defendant's unauthorized phone calls.

32.     As a result of Defendant's unauthorized phone calls, Plaintiff suffered emotional distress including anxiety, stress, frustration, shame, lack of sleep, lack of concentration, and fear of answering his telephone.

COUNT I

Telephone Consumer Protections Act

33.     Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

34.     Defendant's actions alleged *supra* constitute numerous violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C). Defendant willfully used an automatic telephone dialing system to call Plaintiff's cell phone.

COUNT II

Illinois Consumer Fraud and Deceptive Business Practices Act

36.     Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

37.     The ICFA states:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression

4

or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

38.     The ICFA also states:

Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper.

815 ILCS 505/10a

39.     Defendant's attempt to collect a debt is part of the conduct of a trade or commerce.

40.     Defendant engaged in an unfair business practice with respect to its telephone collection conduct directed against Plaintiff.

41.     Plaintiff has suffered actual damages as a direct and proximate result of Defendant's unlawful and unauthorized conduct.

<u>COUNT III</u>
<u>Invasion of Privacy – Intrusion Upon Seclusion</u>

42.     Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

43.     Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, private concerns and affairs.

44.     Defendant interfered, physically or otherwise, with the solitude, seclusion and private concerns of Plaintiff by repeatedly and unlawfully calling Plaintiff cell phone without authorization after he instructed it to stop.

45.     Defendant's conduct resulted in multiple intrusions and invasions of privacy, which would be highly offensive or objectionable to a reasonable person in that position.

46.     Plaintiff has suffered actual damages as a direct and proximate result of Defendant's intrusion

Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

47.     Statutory damages of $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

48.     Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

49.     Actual and punitive damages, in an amount greater than $50,000 to be determined at trial, for the underlying violations of the ICFA and/or invasion of privacy;

50.     Costs and reasonable attorney fees; and

51.     Any other relief to which Plaintiff is entitled and/or that this Honorable Court deems appropriate.

Dated: January 25, 2019

Respectfully submitted,
/s/ Adam T. Hill
Adam T. Hill
KROHN & MOSS, LTD.
10 N. Dearborn St., 3rd Fl.
Chicago, Illinois 60602
Telephone:  312-578-9428
Telefax:  866-861-1390
ahill@consumerlawcenter.com
Attorneys for Plaintiff